AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: Blackwell

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

FILED amg 2/24/25

FEB 24 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ___ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

APPLE I-PHONE, MODEL 11, SERIAL NUMBER DX3LT3FNN72J, CURRENTLY LOCATED AT BUREAU OF INDIAN AFFAIRS PAWNEE AGENCY POLICE DEPARTMENT; 123 WHITE EAGLE DRIVE PONCE CITY, OK 74601, IN THE WESTERN DISTRICT OF OKLAHOMA.

Case No. M-25-126-AMG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A," which is attached and incorporated by reference herein.

located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B," which is attached and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2251(a) | Possession of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |
| 18 U.S.C. § 2252A(a)(2)(A) | Receipt of Child Pornography |

The application is based on these facts:

See attached Affidavit of BIA Agent Brittany Kilmer, which is incorporated by reference herein.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

BKilmer #390
*Applicant's signature*

BRITTANY KILMER, BIA AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/24/25

Amanda Maxfield Green
*Judge's signature*

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF APPLE I-PHONE, MODEL 11, SERIAL NUMBER DX3LT3FNN72J, CURRENTLY LOCATED AT BUREAU OF INDIAN AFFAIRS PAWNEE AGENCY POLICE DEPARTMENT; 123 WHITE EAGLE DRIVE PONCE CITY, OK 74601, IN THE WESTERN DISTRICT OF OKLAHOMA. | Case No. ____________________ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Brittany Kilmer, Special Agent with the Bureau of Indian Affairs (BIA), the Affiant, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a warrant under Federal Rule of Criminal Procedure 41, to examine the property belonging to Devon Warrior. The property to be examined is an Apple I-Phone, Model 11, Serial Number DX3LT3FNN72J (hereinafter the "DEVICE"). The DEVICE is currently in law enforcement possession and stored at Bureau of Indian Affairs Pawnee Agency Police Department; 123 White Eagle Drive Ponca City, OK 74601, in the Western District of Oklahoma. The property to be searched is described further in Attachment A, and the extraction from that property of electronically stored information described in Attachment B. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

2. I have been law enforcement officer for ten years, and worked in the compacity as a Tribal Officer, Police Officer, Deputy Sheriff, and now a Federal Agent. I attended the

Oklahoma Council on Law Enforcement Training ("CLEET") for basic police training. I attended the Federal Law Enforcement Training Center ("FLETC") at the Bridge Indian Police Academy ("IPA") for basic Indian country police officer training. I also attended FLETC for the Department of the Interior Investigator Training Program ("DOI ITP"). For the past 2 and half years, I have been employed with the BIA, Office of Justice Services ("OJS"). I am currently a Special Agent assigned to District II in Oklahoma. My primary duties as a Special Agent are to investigate felony criminal offenses, which occur within the boundaries of the Indian reservations to which I am assigned. During my time as a Special Agent, I have taken part in numerous criminal investigations as the primary investigator or in a backup capacity. I have also received significant training in criminal investigations, including investigations into violent crimes.

3. I am a "Federal law enforcement officer" pursuant to Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am also an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am authorized by law to investigate crimes in Indian Country, including the violations alleged in this application for a Search Warrant.

4. The facts and statements in this affidavit are based in part on my own personal observations and investigation; information provided to me by other law enforcement officers and witnesses, either directly or indirectly; and/or my experience, training, and background as Special Agent with the Bureau of Indian Affairs. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all the relevant facts known to law enforcement officers.

5. I submit that there is probable cause to believe that the DEVICE contains

evidence of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

7. On March 12, 2024, a juvenile Native American Female (hereinafter "MV" for "Minor Victim") was in Ponca Tribal court with her legal guardian Vivian Howe. During Ponca Tribal Court it was discussed that MV was possibly having sexual conversations with an adult male by cellphone. Ponca Tribal Judge Marsha Harlen asked legal guardian, Ms. Howe, if she would surrender MV's cellphone to BIA police so that an investigation of the allegations could begin. Ms. Howe surrendered the cellphone to BIA Police.

8. BIA Lieutenant ("Lt.") Alexander Black reviewed the cell phone and found Facebook messages between MV and Devon WARRIOR (A.K.A. Devon Arkeketa) (DOB: 07/28/2000, Native American Male). In the conversation WARRIOR and MV were discussing being "fuck buddies." In the conversation MV says, "I was talking about being fuck buddies bru and you'll get in trouble if anyone knew you was talking to me. I am 16 and your what 21?" WARRIOR replies, "Then it stays between us." MV replies, "hmmm?" WARRIOR replies, "We fuck buddies and keep it between us you know. You can say no if you want." WARRIOR goes on asking for MV's Snapchat username. WARRIOR gives MV his username of Itzdebb1.

9. Lt. Black then reviewed the Snapchat conversations between WARRIOR and MV. In their conversation thread, it showed that WARRIOR had saved pictures of MV. The pictures were of MV's breast without clothing. These messages were saved by WARRIOR on

February 11, 2024. After seeing there was images of child pornography on the cellphone Lt. Black seized MV's phone as evidence.

10. At the time of this conversation WARRIOR was 23 years old and MV was 16 years old.

11. On October 09, 2024, Special Agent ("SA") Brittany Kilmer and Lt. Black interviewed MV. In that interview MV disclosed that she had been communicating with WARRIOR by cellphone. MV said WARRIOR would text her phone or they would text over apps such as Facebook and Snapchat. MV stated that WARRIOR would ask her to send him nude picture of herself. MV said she would tell WARRIOR no, but after he would ask numerous times, she would give in sometimes and send him nude pictures of herself. Lt. Black asked MV if WARRIOR asked her to have sex with him and she said "yes." MV said WARRIOR asked her, "do you want to fuck?" SA Kilmer asked MV if WARRIOR had ever sent nude pictures of himself to her. MV answered, "yes." MV said that WARRIOR sent "dick pics" (pictures of his penis) to MV. MV told SA Kilmer that WARRIOR tried to make plans with MV to meet up and to have sex with her.

12. On February 6, 2025, a Ponca Tribal Judge granted a Search Warrant for WARRIOR's cellphone (the DEVICE). WARRIOR's cellphone (the DEVICE) was seized and secured by SA Kilmer and Lt. Black. The Ponca Tribal Search warrant was not executed due SA Kilmer wanting to obtain a federal search warrant for the DEVICE.

13. The DEVICE is currently in storage at Bureau of Indian Affairs Pawnee Agency Police Department; 123 White Eagle Drive Ponca City, OK 74601, in the Western District of Oklahoma. In my training and experience, I know that the DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same

state as they were when the DEVICE first came into the possession of the Bureau of Indian Affairs Pawnee Agency.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable

storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a

computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet,

connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, and research, I know that the DEVICE has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**CONCLUSION**

20. Based on the information above, I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Brittany Kilmer
Special Agent,
Bureau of Indian Affairs

Subscribed and sworn to before me
on February 24, 2025:

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

The property to be searched is an Apple I-Phone, Model 11, Serial Number DX3LT3FNN72J. The DEVICE is currently located at Bureau of Indian Affairs Pawnee Agency Police Department; 123 White Eagle Drive Ponca City, OK 74601, in the Western District of Oklahoma.

This warrant authorized the forensic examination of the DEVICE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) which include:

   a. Text messages, application messages, phone messages, and social media posts, relating to the crimes listed above.

   b. Digital video and image photographs relating to the crimes listed above.

   c. Evidence indicating the geographic location of the cellular device at times relevant to the investigation, specifically January 1, 2024, to February 6, 2025.

   d. Evidence of contact between Warrior and MV, which might establish motive or intent for the crimes listed above.

   e. Telephone calls including dialed calls, missed calls, and received calls.

   f. Telephone numbers stored in a digital contacts list

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits,

and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the BIA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.